UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GERARD L. CLARK,

                                    Appellant,

                    - versus -

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
COUNTRYWIDE HOME LOANS, INC., and
BANK OF AMERICA, N.A.,

                                    Appellees.

---

MEMORANDUM
AND ORDER

13-cv-05063

APPEARANCES:

> GERARD L. CLARK
> > 223-18 133 Avenue
> > Laurelton, NY 11413
> > *Pro se appellant*
>
> BRYAN CAVE LLP
> > 1290 Avenue of the Americas
> > New York, New York 10104
> By:    Jessica Fischweicher
> > *Attorneys for Appellees*

JOHN GLEESON, United States District Judge:

Gerard L. Clark, proceeding pro se, appeals from a July 19, 2013 order in the

United States Bankruptcy Court for the Eastern District of New York (Elizabeth S. Stong, United

States Bankruptcy Judge) that dismissed an adversary proceeding, Adv. Pro. No. 13-01021-ess,

initiated in relation to Clark's Chapter 13 bankruptcy petition, Case No. 12-46492-ess.  The July

19, 2013 order is available on this court's docket as Exhibit 1 to Clark's Notice of Appeal, DE 1.

The Bankruptcy Court dismissed the underlying Chapter 13 case on the trustee's motion on April

25, 2013, and I dismissed Clark's appeal from that order as untimely. *See* September 10, 2013

Order, DE 19 in No. 13-cv-3451.

The Bankruptcy Court dismissed the adversary proceeding at issue here for two

independent reasons. First, it held that the proceeding should be dismissed because the record

showed that Clark had never properly served the defendants in that action (the appellees here).

*See* July 19 Order at 2-4. Second, it held that the proceeding should be dismissed as a matter of

discretion because the main bankruptcy case had been dismissed. *See id*. at 4-5.

Clark's papers on appeal fail to address these two grounds for dismissal; instead,

Clark focuses on the merits of his bankruptcy case and adversary proceeding. However, an

independent review of the record has not revealed any error in the Bankruptcy Court's holdings.

First, Clark has not demonstrated that the Bankruptcy Court clearly erred, *see In*

*re Persaud*, 496 B.R. 667, 670 (E.D.N.Y. 2013), when it found a lack of service, nor does the

record independently reveal any factual (or legal) errors in this respect.

Second, and more importantly, Clark has not demonstrated that the Bankruptcy

Court abused its discretion in deciding to dismiss the adversary proceeding after the main

bankruptcy proceeding had already been dismissed. *See Pal Family Credit Co. v. Cnty. of*

*Albany*, 425 B.R. 1, 7 (N.D.N.Y. 2010) (abuse of discretion standard). The Bankruptcy Court

was required to weigh "judicial economy, convenience to the parties, fairness and comity" before

deciding whether to dismiss the case. *In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995). I

perceive no error in the Court's consideration of those factors. In particular, very little had been

accomplished in the adversary proceeding before it was dismissed: perhaps because of the

ineffective service, the defendants had not made any substantial response to Clark's contentions,

and Clark himself had moved for a default judgment. *See* July 19 Order at 2-3. Thus, this is not

a case in which the bankruptcy court was already highly familiar with a case, and in which dismissal would waste judicial resources.   Furthermore, Clark has not shown that he was unable to pursue the claims at issue in another court; considerations of fairness did not require the bankruptcy court to retain jurisdiction.  In sum, the Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding.

The bankruptcy court's judgment is therefore affirmed, and this case will be closed.  The appellant's request at oral argument for additional discovery is denied.


So ordered.


John Gleeson, U.S.D.J.


Dated:  October 2, 2014
        Brooklyn, New York